

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 2, 1974

The Honorable Ben F. McDonald, Jr.　　　　Opinion No. H- 292
Executive Director
Texas Department of Community Affairs　　Re:　Construction of rider
P. O. Box 13166 Capitol Station　　　　　　to Appropriation Act
Austin, Texas 78711　　　　　　　　　　　　with reference to grants
　　　　　　　　　　　　　　　　　　　　　　　to "multi-purpose human
　　　　　　　　　　　　　　　　　　　　　　　resource delivery organ-
Dear Mr. McDonald:　　　　　　　　　　　　izations"

　　　　Your opinion request concerns the proper construction of an appro-
priation to your agency by the 63rd Legislature (1973) for the fiscal years
ending August 31, 1974, and August 31, 1975. The appropriation is to pro-
vide "assistance to multi-purpose human resource delivery organizations,"
which are not defined in the statute. A rider to this appropriation provides
as follows:

> "Funds appropriated above for assistance to
> multi-purpose human resource delivery organizations
> may be expended only under contract with said organi-
> zations, including private nonprofit corporations char-
> tered under the laws of the State of Texas, which comply
> with guidelines established by the Governor, and for the
> administration of these contracts. The guidelines estab-
> lished by the Governor must insure that the organizations
> operate programs designed to meet human resource needs
> of the people served, that the organizations have the
> approval of the local general purpose government in whose
> area they operate, and that the organizations are fiscally,
> administratively, and programmatically accountable to
> the state." (Acts 1973, 63rd Leg., ch. 659, p. 1786, 1930).

You have asked two questions as follows:

"1.    May counties and incorporated municipalities (including home rule and general law) be considered as multi-purpose human resource delivery organizations for the purposes of distribution under the appropriation?

"2.    Does a private nonprofit corporation, such as a Community Action Agency, in submitting an application to the Department to receive funds from this appropriation under guidelines approved by the Governor, need to have the application specifically approved by the local general purpose governments in whose areas it operates if these same governments have prior thereto already given general (carte blanche) approval to the corporation to operate as a whole in their areas? If so, would the general approval have to be updated or may we rely upon the existing permission? Should we require evidence of non-revocation of such general approval (Certificate of Good Standing)? "

We believe your first question is answered affirmatively by the provisions of Article 4413(201), V. T. C. S., which creates your department.

Section 2(3) of this Act defines "Local government" as:

"a county; an incorporated municipality; a special district; any other legally constituted political subdivision of the State; or a combination of political subdivisions. "

Section 4 specifies your functions, among them, the following:

"(3) provide financial aid to local governments and combinations of local governments for programs which are authorized such assistance;"

"(9) encourage cooperative action by local
governments where appropriate;"

Section 13a pertains to "Multipurpose human resource centers." Its
pertinent provisions are:

"(a)   In order to provide for the most
effective and efficient delivery of human resource
services to the poor population, as well as the total
population, the Texas Department of Community
Affairs may establish multipurpose human resource
centers in various communities in the State."

"(c) Any State or local governmental agency or
private, nonprofit human resource agency that has filed
a State or regional plan for delivery of human resource
services with the State is eligible to locate staff in a
community multipurpose human resource service center."

We believe that the effect of the above provisions clearly allows con-
sideration of counties and incorporated municipalities (including home rule
and general law) as multi-purpose human resource delivery organizations
for the purposes of distribution of the appropriation.

Your second question involves the appropriations rider.  One effect
of the rider is to give the Governor authority to control the expenditure of
these funds through the establishment of guidelines for the approval of local
organizations.  We have found no specific authority in Article 4413(201) for
the governor to exercise such power.  Attorney General Opinion M-1199
(1972) provides at pages 2 and 3 that:

"Aside from the constitutional substantive veto
power of the Governor granted in Article IV, Section
14, Texas Constitution, there is no other authority pro-
vided for him to have a continuing veto power over ex-
penditure of appropriated funds.  Any attempt by the
Legislature to delegate to the Governor the power to

exercise a continuing veto over such expenditures and at his own discretion would constitute an attempt to increase the Governor's veto power. Furthermore, if the Legislature attempted to grant such power by a rider in an appropriation bill, such rider would amount to general legislation in violation of Article III, Section 35, Texas Constitution . . . ."

Therefore, it is our opinion that the portion of the rider requiring compliance with guidelines established by the Governor is invalid.

## SUMMARY

Counties and incorporated municipalities (including home rule and general law) may be considered as multipurpose human resource delivery organizations for the purposes of distribution under appropriations to the Texas Department of Community Affairs. A rider to the appropriation to the Department of Community Affairs is invalid insofar as it requires compliance with guidelines established by the Governor.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee